# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL A. LOPEZ, SR., | Civil Action No. 10 – 1461 |
| Plaintiff, | |
| v. | District Judge Arthur J. Schwab |
| | Magistrate Judge Lisa Pupo Lenihan |
| WARDEN J. BARRY JOHNSON; | |
| BERNARD McQUILLAN, M.D.; and | |
| DUSTIN BOWERS, P.A. | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss filed by Defendants McQuillan and Bowers (ECF No. 21) be denied and that the Complaint be dismissed with prejudice against Defendant Barry Johnson in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915(e)(2) and/or § 1915A.

**II. REPORT**

Plaintiff, Daniel A. Lopez, Sr., an inmate currently confined at the State Correctional Institution at Pine Grove, located in Indiana, Pennsylvania, commenced this action against the following Defendants: J. Barry Johnson, Superintendent; Bernard McQuillan, M.D. and Dustin Bowers, Physicians Assistant. In his Complaint, Plaintiff alleges that Defendants have denied him adequate medical care in violation of the Eighth Amendment.

A. Standards of Review

Presently pending is a Motion to Dismiss filed by Defendants McQuillan and Bowers (ECF No. 21). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests

the legal sufficiency of a complaint. In deciding this motion, the court must read the complaint in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n. 6 (1963). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 550 U.S. at 555. *See also* Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951 (U.S. 2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and providing further guidance on the standard set forth therein).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary

judgment. Spruill v. Gillis 372 F.3d 218, 223 (3d Cir.2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

*Pro se* pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and *pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

In addition, in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting federal actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. Pertinent to the case at bar is the new authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding IFP and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or

seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and he has been granted leave to proceed IFP in this action (ECF No. 2). In addition, Warden Johnson is an employee of a government entity. Thus, Plaintiff's allegations must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and § 1915A. In reviewing complaints under 28 U.S.C. § 1915(e)(2)(B) and § 1915A, a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1]

B. Relevant Allegations

In his Complaint, Plaintiff alleges that Dr. Bernard McQuillan refuses to prescribe him adequate pain and muscle relaxant medications for his serious back condition that he prescribes at other PA DOC prisons for inmates who have the same condition as he does. His refusal has caused Plaintiff to be in unbearable pain, "cell ridden", and not able to do daily activities because of the pain. During one doctor visit, Dr. McQuillan allegedly told Plaintiff to stop asking for a stronger pain medication or he would lower the dosage of Plaintiff's current medications. In addition, Dr. McQuillan allegedly told Plaintiff to stop requesting to see him so much, that he could see him once a month only.

Plaintiff contends that Dr. McQuillan and PA Bowers are not prescribing him adequate pain medication and a muscle relaxant commonly given to inmates with his condition in other PA DOC prisons because of the long term costs and because they said they will not prescribe it

---

1. *See, e.g.*, Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997).

at SCI-Pine Grove. Plaintiff alleges that Dr. McQuillan specifically told Plaintiff that he prescribes the muscle relaxant and pain medications at other institutions that would adequately relieve Plaintiff's pain but he will not do so at Pine Grove.

In addition, Plaintiff claims that PA Bowers refused to let him see the doctor on 10/18/10, 10/19/10, 10/20/10, 10/21/10 and 10/22/10 and intentionally interfered with the prison's sick-call procedure to stop him from getting on the doctor's schedule concerning his pain issues.

C. Liability under 42 U.S.C. § 1983

Plaintiff's Complaint seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). Moreover, it is well settled that in order to establish personal liability against a defendant in a section 1983 action, that defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976). Accordingly, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. Rode, 845 F.2d at 1207. *See also* Keenan v.

Philadelphia, 983 F.2d 459, 466 (3d Cir. 1992); Andrews v. Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990).

The Complaint purports to state a claim for deliberate indifference to serious medical needs in violation of the Eighth and Fourteenth Amendments. In order to make out a *prima facie* case that a prison official's actions violate the Eighth Amendment's prohibition against cruel and unusual punishment, an inmate must show two elements. First, a prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need." Wilson v. Seiter, 501 U.S. 294 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, an inmate must demonstrate deliberate indifference to prison conditions on the part of prison officials. Farmer v. Brennan, 511 U.S. 825; Wilson, 501 U.S. at 297; Rhodes, 452 U.S. at 347.

To state an Eighth Amendment violation in the context of medical treatment, an inmate must show prove two elements: 1) plaintiff was suffering from a "serious medical need," and 2) prison officials were deliberately indifferent to the serious medical need. Gamble v. Estelle, 439 U.S. 897 (1978). The first showing requires the court to <u>objectively</u> determine whether the medical need was "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988).

The second prong requires a court <u>subjectively</u> to determine whether the officials acted with a sufficiently culpable state of mind. Deliberate indifference may be manifested by an

intentional refusal to provide care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury. Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993).

Plaintiff's allegations can not support liability against Defendant Johnson as the Superintendent of SCI-Pine Grove. Specifically, Plaintiff's allegations, construed liberally, do not support a finding that Defendant Johnson had any personal involvement in the claims alleged in the Complaint. Moreover, any attempt to allow Plaintiff to amend his complaint against Defendant Johnson would be futile because Defendant Johnson does not have any authority to make treatment decisions concerning Plaintiff's medical care. *See* Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (warden and commissioner cannot be considered deliberately indifferent by failing to directly respond to a medical complaint by a prisoner who was receiving treatment by the prison doctors).

Moreover, although Plaintiff alleges that Defendant Johnson was aware of his medical concerns, Plaintiff can not assert liability against Defendant Johnson due to his involvement in reviewing and/or affirming grievance decisions. First, the filing of a grievance is not sufficient to show the actual knowledge necessary for personal involvement. Rode, 845 F.2d at 1208. Moreover, mere concurrence in a prison administrative appeal process does not implicate a constitutional concern. Garfield v. Davis, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983) (holding that administrative review of prison disciplinary hearings is not constitutionally guaranteed and, therefore, plaintiff's claims with respect to the Program Review Committee's decision did not rise to constitutional significance); Harmon v. Divirgilis, 2005 WL 387591 (E.D. Pa. Feb. 16, 2005) (there is no constitutional right to administrative review of prison disciplinary proceedings). While prisoners have a constitutional right to seek redress of their grievances

7

from the government, that right is the right of access to the courts, which is not compromised by the failure of the prison to address his grievances. Wilson v. Horn, 971 F.Supp. 943, 947 (E.D. Pa. 1997), *aff'd*, 142 F.3d 430 (3d Cir. 1988) (Table). Thus, the Complaint be dismissed with prejudice against Defendant Barry Johnson in accordance with the directives of the PLRA.

Plaintiff's allegations are sufficient to state a claim upon which relief may be granted as to the remaining Defendants, Dr. McQuillan and PA Bowers. Specifically, he claims that he is being treated for a serious medical condition concerning his back. Thus, Plaintiff has pleaded the existence of a serious medical condition. Moreover, Plaintiff alleges that Defendant McQuillan acted with deliberate indifference because he denied medical treatment and/or prescribed medical treatment for non-medical reasons, *i.e.*, based on cost. He further claims that Dr. McQuillan prescribes adequate medications to inmates in other institutions but not SCI-Pine Grove and that Plaintiff was able to receive adequate medication until February of 2009. In addition, he alleges that Dr. McQuillan told him to stop asking for adequate pain medication and threatened to cut back his medications if he failed to comply. He also alleges that Defendant Bowers interfered with his doctor appointments and the sick call policy, which resulted in his inability to be put on the doctor's schedule in October of 2010. These allegations, taken as true, state a claim for relief based on inadequate medical treatment. Thus, the Motion to Dismiss filed by Defendants McQuillan and Bower should be denied.

In so recommending, this Court notes that Plaintiff's burden of proving his Eighth Amendment claim is high. A plaintiff alleging a violation of the Eighth Amendment based on inadequate medical treatment must submit adequate medical evidence of a "serious medical need" to satisfy the objective component of the test. Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir. 1987) (expert testimony was required to show that inmates' injuries were "serious" so that

denial of medical attention violated constitutional right), *cert. denied*, 485 U.S. 991 (1988).

In Boring, the Court of Appeals for the Third Circuit determined that, because plaintiffs failed to produce expert testimony that their injuries were "serious," they failed to meet their burden of proof. The court explained that expert testimony would not necessarily be required in situations where the seriousness of injury or illness would be apparent to a lay person, *e.g.*, a gunshot wound. Boring, 833 F. 2d at 473 (citing City of Revere v. Massachusetts General Hosp., 463 U.S. 239 (1983)). With respect to an ulnar nerve injury and migraine headaches, the Court concluded that a factfinder would not be able to determine that the condition was "serious" because the need for treatment did not appear to "acute." *Id*. With respect to a scalp condition and complaints about dental care, the Court found that the complaints merely reflected a disagreement over the proper means of treatment. The Court noted that, "courts will not 'second-guess the propriety or adequacy of a particular course of treatment [which] remains a question of sound professional judgment.' " *Id*. (quoting Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979)). Finally, with respect to a prior knee injury, the Court found that the evidence did not establish an acute condition.

> As laymen, the jury would not be in a position to decide whether any of the conditions described by plaintiffs could be classified as "serious." In these circumstances, the district court properly required expert medical opinion and in its absence properly withdrew the issue from the jury.

Boring, 833 F.2d at 474 (citations omitted).

In addition, Plaintiff must demonstrate that the official's actions constituted "an unnecessary and wanton infliction of pain" or were "repugnant to the conscience of mankind." Gamble, 429 U.S. at 105-106. Deliberate indifference to serious medical needs of prisoners is substantially different than negligently diagnosing or treating a medical condition. Gamble, 429

U.S. at 106. Only the former violates the Eighth Amendment, which requires "more than ordinary lack of due care for the prisoner's interests or safety." *Id*. (citing Whitley v. Albers, 475 U.S. 312, 319 (1986)). Medical malpractice may give rise to a tort claim in state court but does not necessarily rise to the level of a federal constitutional violation. Kost v. Kozakiewicz, 1 F.3d 176 185 (3d Cir. 1993).

> Although prison systems have a duty to provide prisoners with adequate medical care, it is but just that the public be required to care for the prisoner who cannot by reason of deprivation of liberty care for himself. [T]he law is clear that simple medical malpractice is insufficient to present a constitutional violation. Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners.

Durmer v. O'Carroll, 991 F.2d at 67 (quotations and citations omitted).

While an intentional refusal to provide any medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable under the Eighth Amendment, the Eighth Amendment does not require that a prisoner receive every medical treatment that he requests or that is available elsewhere.[2] A disagreement as to the appropriate choice of medical treatment does not give rise to a constitutional violation because the "right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice." Layne v. Vinzant, 657 F.2d 468, 473 (1st Cir. 1981). Mere disagreements over medical judgment do not state Eighth Amendment claims as there are typically several acceptable ways

---

2. *See, e.g.*, Dias v. Vose, 960 F.2d 143 (1st Cir. 1991); United States v. DeCologero, 821 F.2d 39, 42 (1st Cir. 1987) ("though it is plain that an inmate deserves adequate medical care, he cannot insist that his institutional host provide him with the most sophisticated care money can buy"); Ferranti v. Moran, 618 F.2d 888, 891 (1st Cir. 1980) (a dispute over the exercise of professional medical judgment may present a colorable claim of negligence, but it falls short of alleging a constitutional violation); Layne v. Vinzant, 657 F.2d 468, 474 (1st Cir. 1981) (where the dispute is over the adequacy of the medical treatment, federal courts should be reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law).

to treat an illness. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) (citations omitted). *Accord* Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992) (an inmate's disagreement with prison personnel over the exercise of medical judgment does not state claim for relief under section 1983).[3] Thus, while Plaintiff's Complaint is sufficient to state a claim under the Eighth Amendment, his burden of proving the existence of such a violation is substantial.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss filed by Defendants McQuillan and Bowers (ECF No. 21) be denied and that the Complaint be dismissed with prejudice against Defendant Barry Johnson in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915(e)(2) and/or § 1915A.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights. Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2

Dated: February 2, 2011

_____
Lisa Pupo Lenihan
United States Magistrate Judge, Chief

cc: Daniel A. Lopez, FR – 6965
SCI Pine Grove
191 Fyock Road
Indiana, PA 15701

---

3. *Cf.* Banuelos v. McFarland, 41 F.3d 232 (5th Cir. 1995) (a disagreement between an inmate and his physician concerning whether certain medical care was appropriate is actionable under section 1983 only under exceptional circumstances).