IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DANIEL A. LOPEZ, SR., | ) | |
|---|---|---|
| | ) | Civil Action No. 10 – 1461 |
| Plaintiff, | ) | |
| | ) | District Judge Arthur J. Schwab |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| WARDEN J. BARRY JOHNSON; | ) | |
| BERNARD McQUILLAN, M.D.; and | ) | |
| DUSTIN BOWERS, P.A. | ) | |
| | ) | |
| Defendants. | | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the Complaint in the above-captioned case be dismissed without prejudice based upon Plaintiff's failure to prosecute this action.

**II.  REPORT**

Plaintiff, acting *pro se*, initiated this suit on October 25, 2010 by filing a civil rights complaint alleging that Defendants denied him adequate medical care in violation of the Eighth Amendment. On November 5, 2010, this Court granted his Motion to Proceed IFP (ECF No.2) and the Marshal was directed to effectuate service. On November 11, 2010, Plaintiff filed a Motion to Amend/Correct Complaint (ECF No. 11). On November 16, 2010, the Court ordered Plaintiff to file an amended complaint naming each defendant and setting out all of his allegations against each defendant no later than December 14, 2010. On December 22, 2010, this Court ordered Plaintiff to either file an amended complaint in this case or file a notification with the Court stating his intention to rely on his original complaint (ECF No. 18). On January 5, 2011, Plaintiff filed a notice that he intended to rely on his original complaint.

1

After the Court provided Plaintiff the opportunity for discovery, on May 26, 2011, the remaining Defendants filed a Motion for Summary Judgment (ECF No. 46), a Brief in support (ECF No. 47), a Concise Statement of Material Facts (ECF No. 48), and an Appendix (ECF no. 49). On June 1, 2011, I issued an Order granting Plaintiff until August 1, 2011 to file his response to the pending motion. The Order specifically advised him that, pursuant to Local Rule 56.E, alleged material facts set forth in the moving party's Concise Statement of Material Facts will, for the purpose of deciding the motion for summary judgment, be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party (ECF No. 50). To date, Plaintiff has not filed any response to Defendants' Motion nor any motion for an extension for time.

This case has been lingering on the Court's docket solely through the fault of the Plaintiff and should not be allowed to linger any longer. The Court cannot properly control its docket, move this action forward and properly protect the rights of all parties if the Plaintiff fails to comply with orders issued by this Court. Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

A federal court has the discretion to dismiss a proceeding *sua sponte* based on a party's failure to prosecute the action. Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962); Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A district court has the power to dismiss a claim of a plaintiff pursuant to Fed.R.Civ.P. 41(b) for failure to comply with an order of the court. *See, e.g.*, Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.) (affirming district court's dismissal with prejudice of *pro se* prisoner's civil rights complaint for failure to comply with district court local rule providing failure of opposing party to file memorandum of points and authorities in opposition to any motion would constitute consent to granting motion), *cert. denied*, 516 U.S. 838 (1995); American Inmate Paralegal Assoc. v. Cline, 859 F.2d 59, 61 (8th Cir.) (dismissal with prejudice of inmate's civil rights action for failure to comply with court order not abuse of discretion), *cert. denied*, 488 U.S. 996 (1988). In upholding the district court's dismissal of a *pro se* plaintiff's civil rights case under Rule 41(b), the Court of Appeals for the Sixth Circuit noted that "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). The court further commented that "[w]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id*. at 109. In short, a *pro se* litigant's failure to comply with a court order is not the same thing as "inartful pleading or a[ ] lack of legal training." *Id*. at 110.

Consistent with this reasoning, the federal courts in this Circuit have held that a *pro se*

plaintiff's failure to respond to a summary judgment motion provides a basis for dismissing an action for failure to prosecute. *See* Muslim v. Frame, 854 F. Supp. 1215, 1221 (E.D. Pa. 1994); Wade v. Wooten, No. 90-2373, 1993 WL 298715, at *6 (E.D. Pa. July 30, 1993); Gay v. Wright, No. 90-0770, 1990 WL 145553, at *3-4 (E.D. Pa. Sept. 27, 1990); Padro v. Heffelfinger, 110 F.R.D. 333-35 (E.D. Pa. 1986).

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

(1) extent of the party's personal responsibility;

(2) prejudice to the adversary;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) effectiveness of sanctions other than dismissal; and

(6) meritoriousness of the claim or defense.

In weighing the Poulis factors, the established presumption is that doubts should be resolved in favor of reaching a decision on the merits. Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984). Notwithstanding, although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default

before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether it should be dismissed based on Plaintiff's failure to prosecute.

First, in consideration of the plaintiff's responsibility, the court notes that the plaintiff is proceeding *pro se*. The defendant filed a motion for summary judgment on May 26, 2011 and on June 1, 2011, the Court informed Plaintiff of his obligation to respond and allowed him two months to respond. To date, Plaintiff has failed to respond to the motion and has not filed any motion for an extension of time. Thus, Plaintiff is solely responsible for his failure to respond. Secondly, Plaintiff has prejudiced the Defendant since his failure to respond has made it difficult for this court to determine whether there are any genuine issues of material fact. Plaintiff's complaint forced Defendants to retain attorneys and expend time and energy to resolve this matter. By failing to respond to the Defendants' motion, a decision on this matter has been unduly delayed. Thirdly, Plaintiff has not made any effort to move this case forward and has ignored this Court's Order to respond to Defendants' motion. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion. Fourthly, Plaintiff's failure to respond is willful. There is no indication that he failed to receive the order set forth above. The responsibility for his failure to respond to the order in question is Plaintiff's alone. Accordingly, the court can infer that this failure is willful. Fifthly, there are no alternative sanctions which would adequately punish the plaintiff for his failure to answer defendant's motion; imposing a monetary sanction on the prisoner would not be effective as he appears to be impecunious. With respect to the sixth factor, based on the information provided in Defendants' Motion, it does not appear that Plaintiff's complaint has any merit.

All six Poulis factors weigh heavily in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed without prejudice for Plaintiff's failure to prosecute it. To the extent Plaintiff disagrees, he should file a response to Defendants' Motion for Summary Judgment, or a motion for an extension of time, during the time allowed to file objections to this recommendation as set forth below. Failure to do so will result in dismissal of this action.

### III. CONCLUSION

Based on the discussion above, it is respectfully recommended that this action be dismissed for failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have 14 days from the date of service of the objections to respond thereto. Failure to timely file a response and/or objections will constitute a waiver of any appellate rights.

/s Lisa Pupo Lenihan
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: August 11, 2011

**cc:** Daniel A. Lopez
FR6965
SCI Pine Grove
191 Fyock Road
Indiana, PA 15701

Counsel of Record